UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILLIAN LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1585 JAR |
| ) | |
| CAREER EDUCATION CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 8). Although Defendants frame their motion as a motion to dismiss, the Court treats it as a motion for more definite statement under Fed.R.Civ.P. 12(e). This matter is fully briefed and ready for disposition.

## STANDARD FOR MOTION FOR MORE DEFINITE STATEMENT

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." McCoy v. St. Louis Pub. Schs, No. 4:11CV918, 2011 U.S. Dist. LEXIS 118287, at *5 (E.D. Mo. Oct. 13, 2011) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Tinder v. Lewis County Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001)(internal citations omitted).

**BACKGROUND**

Plaintiff was a student at defendant Sanford-Brown College, LLC ("SBC"). (Petitioner (hereinafter "Complaint" or "Compl."), ECF No. 6, ¶6). Defendant Career Education Corporation ("CEC") owns and operates SBC. (Id., ¶3). During the admissions process, Plaintiff alleges that Defendants made a series of false representations to Plaintiff. (Id., ¶¶7-9). As a result of these false representations, Plaintiff enrolled at SBC, incurred student loans, purchased books, supplies and equipment, and paid tuition. (Id., ¶11).

**DISCUSSION**

**I.    Legal Standard Under Federal Rule of Civil Procedure 9(b)**

"In contrast to the general notice pleading required by the Federal Rules of Civil Procedure, Rule 9(b) requires that when 'alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" Blake v. Career Educ. Corp., No. 4:08CV00821, 2009 U.S. Dist. LEXIS 3432, at *4 (E.D. Mo. Jan. 20, 2009). "'Under Rule 9(b)'s heightened pleading standard, allegations of fraud . . . [must] be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.'" Crest Constr. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir. 2011)(quoting Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011)); see also Mattingly v. Medtronic, Inc., 466 F. Supp. 2d 1170, 1174 (E.D. Mo. 2006)("the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result").

**II.    Common Law Fraud Claims in Counts I and III**

In the Complaint, Plaintiff alleges common law claims for Fraud and Misrepresentation (Count I) and Fraud by Concealment and Omission (Count III). The complaint broadly and nonspecifically alleges that Defendants represented:

(a) that [SBC's] programs would provide students and Plaintiff with sufficient training to enter a specific career area upon graduation.

(b) that the curriculum of courses at SBC was adequate to achieve the published and stated objectives for which they were offered.

(c) that SBC instructors were adequately experienced and qualified to teach the advertised courses.

(d) that SBC campuses were equipped with adequate equipment and facilities to train the students enrolled at those campuses.

(e) that Plaintiff would earn a high salary with her training from Defendant SBC and that Defendant would likely place her in a job with that high salary.

(f) that Plaintiff would easily be able to pay off her loans.

(g) that SBC credit hours were transferrable to other colleges and universities and to other SBC campuses.

(Compl., ¶7).

Plaintiff's Complaint contains only general allegations of misrepresentation and omission. Nowhere in either of these counts does Plaintiff specifically detail who made the representations or failed to do so; when any representations were made; where the representations were made; or to whom the representations were made or should have been made. Mattingly, 466 F. Supp. 2d at 1174. "While the allegations are sufficient under standards set forth under Rule 8, they clearly fail to set forth the time, place and content of the allegedly false statements or statements that should have been made but were not." Id. As such, Plaintiff's Counts I and III are insufficient and the

motion for a more definite statement is well taken.  The Court grants Plaintiff fourteen (14) days from the date of this order to file an amended complaint correcting these pleading deficiencies.

### III.  Missouri Merchandising and Practices Act

In Count II, Plaintiff alleges a claim under the Missouri Merchandising Practices Act (MMPA).  "The MMPA is a broad statute, prohibiting '[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . .'" Blake, 2009 U.S. Dist. LEXIS 3432, at *5 (citing Mo. Rev. Stat. § 407.020.1).  "Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims."  Id. (citations omitted; citing cases).

Plaintiff's claim under the MMPA incorporates by reference the same, general allegations supporting her common law fraud claims.  See Compl., ¶¶22-23.  In the same vein, Plaintiff's MMPA fails to meet the particularity requirements of Fed.R.Civ.P. 9(b) because Plaintiff does not state the who, what, when, where, and how of the alleged misrepresentations.  Accordingly, Defendants' motion is granted with respect to Count II of Plaintiff's Complaint.  The Court grants Plaintiff fourteen (14) days from the date of this order to file an amended complaint.

### **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 8), construed as a Motion for More Definite Statement, is **GRANTED**, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is granted fourteen (14) days from the date of this Order to file an amended complaint.

Dated this 3rd day of January, 2012.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE