UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILLIAN LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1585 JAR |
| ) | |
| CAREER EDUCATION CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Petition (ECF No. 31).¹ This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff was a student at defendant Sanford-Brown College, LLC ("SBC") at its Hazelwood campus from September 2008 through September 2010. (First Amended Petition (hereinafter "Complaint" or "Compl."), ECF No. 28, ¶6). Defendant Career Education Corporation ("CEC") owns and operates SBC. (Id., ¶3). During the admissions process, Plaintiff met with SBC's admission representative, Amy O'Brien, who allegedly made a series of false representations to Plaintiff. (Id., ¶¶7-9). As a result of these false representations, Plaintiff enrolled in SBC's medical assistant program, incurred student loans, purchased books, supplies and equipment, and paid tuition. (Id., ¶11). Upon completion of the medical assistant program, Plaintiff enrolled in the

---

¹Although Defendants title their Motion as seeking dismissal of Plaintiff's entire First Amended Petition, the text of the Motion and memorandum in support indicate that Defendants seek dismissal of only certain, specified allegations. See, e.g., Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's First Amended Petition ("Memorandum"), ECF No. 32, p. 2 ("the Court should dismiss or strike Plaintiff's allegations").

medical assistant associate program, based upon representations that she would receive a higher salary with the additional degree. (Id., ¶¶11, 12).

Defendants removed Plaintiff's Petition on September 13, 2011. (ECF No. 1). On January 17, 2012, Plaintiff filed her First Amended Petition, wherein she alleges claims for Fraud and Misrepresentation (Count I), Missouri Merchandising Practices Act (Count II), Fraud by Concealment and Omission (Count III). On February 3, 2012, Defendants answered the First Amended Petition (ECF Nos. 29, 30) and filed a Motion to Dismiss (ECF No. 31).

## **LEGAL STANDARD**

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must view the allegations in a complaint liberally in the light most favorable to plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## **DISCUSSION**

**I.     Educational Malpractice Doctrine**

Defendants assert that several of Plaintiff's allegations should be dismissed under the educational malpractice doctrine. The Honorable E. Richard Weber provided an in-depth discussion of educational malpractice cases in Missouri:

> "In educational malpractice cases, a plaintiff sues his or her academic institution for tortiously failing to provide adequate educational services." Dallas Airmotive, Inc. v. Flightsafety Int'l, Inc., 277 S.W.3d 696, 700 (Mo. Ct. App. 2008). "Missouri, along with most other jurisdictions that have considered the issue, has found that educational malpractice claims are not cognizable because there is no duty." Id. at 699. This refusal to recognize such claims is referred to herein as the "doctrine of educational malpractice." There are four general public policy grounds courts cite in refusing to recognize educational malpractice claims:(1) the lack of a satisfactory standard of care by which to evaluate an educator; (2) the inherent uncertainties about causation and the nature of damages in light of such intervening factors as a student's attitude, motivation, temperament, past experience, and home environment; (3) the potential for a flood of litigation against schools; and (4) the possibility that such claims will "embroil the courts into overseeing the day-today operations of schools." Id. at 701 (quoting Page v. Klein Tools, Inc., 461 Mich. 703, 610 N.W.2d 900, 903 (Mich. 2000)).
>
> An educational malpractice claim generally requires "'a comprehensive review of a myriad of educational and pedagogical factors, as well as administrative policies that enter into the consideration of whether the method of instruction and choice of [teaching aids] was appropriate, or preferable.'" Id. at 700 (quoting Alsides v. Brown Inst., Ltd., 592 N.W.2d 468, 472 (Minn. Ct. App. 1999)) (alteration in original). At the same time, "courts have recognized claims by students for breach of contract, fraud, or other intentional wrongdoing that allege a private or public educational institution has failed to provide specifically promised educational services." Alsides, 592 N.W.2d at 472. Defendants are correct that "a claim cannot be couched as a fraud claim merely to avoid the doctrine that precludes an educational-malpractice claim." Christensen v. S. Normal Sch., 790 So.2d 252, 256 (Ala. 2001). However, "a student may bring an action against an educational institution for breach of contract, fraud, or misrepresentation, if it is alleged that the institution failed to perform on specific promises it made to the student and the claim would not involve an inquiry into the nuances of educational processes and theories." Alsides, 592 N.W.2d at 473 (internal quotations omitted).

Blake v. Career Educ. Corp., No. 4:08CV00821 ERW, 2009 U.S. Dist. LEXIS 72167, at *4-6 (E.D. Mo. Aug. 17, 2009).

Specifically, Defendants take issue with the following allegations in the First Amended Complaint:

- Plaintiff's allegation that Defendants misrepresented that "Sanford Brown's programs would provide students with sufficient training to enter the medical assistant field upon graduation." (Compl., ¶8(a)).

- Plaintiff's allegation that Defendants misrepresented that "the medical assistant curriculum of courses at SBC was adequate to achieve the published and stated objectives for which they were offered." (Compl., ¶8(b)).

- Plaintiff's allegation that Defendants misrepresented that "SBC's Hazelwood instructors were adequately experienced and qualified to teach advertised courses." (Compl., ¶8(c)).

- Plaintiff's allegation that Defendants misrepresented that "SBC's Hazelwood campus was equipped with adequate equipment and facilities to train the students enrolled at those campuses." (Compl., ¶8(d)).

- Plaintiff's allegation that Defendants failed to disclose that "an SBC medical assistant degree or certificate would most likely not provide the necessary foundation for obtaining a higher degree at another college or university." (Compl., ¶31(l)).

In response, Plaintiff first complains that Defendants did not address these issues in response to the original Petition. (Memorandum in Opposition to Corporate Defendants' Motion to Dismiss Plaintiff's First Amended Petition ("Response"), ECF No. 33, p. 1). With respect to the substance of Defendants' Motion, Plaintiff contends that Defendants' Motion should be denied because "[t]here is no claim for educational malpractice." (Id.). Plaintiff also asserts, without citing to any authority, that "Missouri and other law support Plaintiff's claims as viable." (Id.).

Plaintiff's allegations invoke the educational malpractice doctrine. Plaintiff's claims would require the Court to become entangled in a disputes "over the pedagogical methods employed,"

- 4 -

Dallas Airmotive, Inc. v. FlightSafety Int'l, Inc., 277 S.W.3d 696, 700 (Mo. Ct. App. 2008), and would "involve an inquiry into the nuances of educational processes and theories." Blake, 2009 U.S. Dist. LEXIS 72167, at *6. Plaintiff's tort claims regarding the "sufficiency," "adequacy" and "quality" of her education cannot be evaluated by the Court, even if they are framed as allegations of fraud. Blake, 2009 U.S. Dist. LEXIS 72167, at *5-6; Christensen, 790 So.2d at 256. For example, the Court would have to evaluate Plaintiff's teachers, classes, equipment and a variety of others factors on a purely subjective basis. Accordingly, the Court dismisses Plaintiff's allegations in subparagraphs 8(a), 8(b), 8(c), 8(d), and 31(l) as not cognizable under the education malpractice doctrine.

**II.   Fraud Claims**

Defendants also assert that Plaintiff's fraud claims should be dismissed as opinions or mere "puffery". The elements of fraudulent misrepresentation are: (1) a false, material representation, (2) the speaker's knowledge of its falsity or his ignorance of the truth, (3) the speaker's intent that the hearer act upon the representation in a manner reasonably contemplated, (4) the hearer's ignorance of the falsity of the representation, (5) the hearer's reliance on its truth, (6) the hearer's right to rely thereon, and (7) the hearer's consequent and proximately caused injury. Roth v. Equitable Life Assur. Soc'y of the United States, 210 S.W.3d 253, 258 (Mo. Ct. App. 2006); Urologic Surgeons, Inc. v. Bullock, 117 S.W.3d 722 (Mo. Ct. App. 2003). Under Missouri law, mere expressions of opinion or "puffing" are not actionable representations. Midwest Printing v. AM Int'l, 108 F.3d 168, 170 (8th Cir. 1997)(citations omitted). That is, a plaintiff "cannot justifiably rely on mere expressions of opinion or 'puffing.'" Id.

Specifically, Defendants claim that the following allegations are non-actionable opinions:

- Plaintiff's allegation that Defendants misrepresented that "Sanford Brown's programs would provide students and Plaintiff with sufficient training to enter the medical assistant field upon graduation." (Compl., ¶8(a)).

- Plaintiff's allegation that Defendants misrepresented that "the medical assistant curriculum of courses at SBC was adequate to achieve the published and stated objectives for which they were offered." (Compl., ¶8(b)).

- Plaintiff's allegation that Defendants misrepresented that "SBC's Hazelwood instructors were adequately experienced and qualified to teach advertised courses." (Compl., ¶8(c)).

- Plaintiff's allegation that Defendants misrepresented that "SBC's Hazelwood campus was equipped with adequate equipment and facilities to train the students enrolled at those campuses." (Compl., ¶8(d)).

- Plaintiff's allegation that Defendants misrepresented that "Plaintiff would easily be able to pay off her loans ... after completion of the medical assistant associate's degree." (Compl., ¶8(f)).

- Plaintiff's allegation that Defendants failed to disclose "SBC's poor reputation in the local St. Louis area business community." (Compl., ¶31(h)).

- Plaintiff's allegation that Defendants failed to disclose that "[e]xcessive loan repayment would be required." (Compl., ¶31(n)).

In response, Plaintiff claims that these statements "are not statements of puffery, but of what was claimed specifically to Plaintiff." (Response, p. 1). Without going into any specifics or rationale, Plaintiff claims that these statements "go beyond statements of opinion" to "support Plaintiff's fraud claims." (Id.).

The Court agrees that these statements constitute statements of opinion that cannot be proven true or false. See Reis v. Peabody Coal Co., 997 S.W.2d 49, 65 (Mo. Ct. App. 1999)(citation

omitted)("The generally recognized distinction between statements of fact and opinion is that whatever is susceptible of exact knowledge is a matter of fact, while that not susceptible is generally regarded as an expression of opinion."). Allegations related to Plaintiff's future earnings or future marketability after graduation cannot form a basis for fraud as a matter of law. See also DocMagic, Inc. v. Mortgage P'ship of Am., LLC, No. 4:09CV1779, 2010 U.S. Dist. LEXIS 55813, at *9 (E.D. Mo. June 8, 2010)(predictions and opinions regarding future profitability of a business are mere opinions that cannot be the subject of a fraud action). Likewise, the value of Plaintiff's education at SBC is not something that can be quantified and would be subject to great debate and opinion. Hupp v. Murphy Finance Co., 502 S.W.2d 345, 350 (Mo. 1973)("Ordinarily, value is a matter of opinion as to which there frequently is a considerable diversity."). Therefore, the Court finds that these allegations constitute statements of opinion that are not subject to evaluation by the Court and cannot constitute fraud. Accordingly, the Court dismisses these allegations.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Petition (ECF No. 31) is **GRANTED**. The Court **DISMISSES** subparagraphs 8(a)-8(d), 8(f), 31(h), 31(l) and 31(n) of Plaintiff's First Amended Petition. Paragraphs 1 through 7, subparagraphs 8(e), 8(g), paragraphs 9-30, subparagraphs 31(a)-(g), 31(i)-(k), 31(m), 31(o)-(s), and paragraphs 31-43 of Plaintiff's First Amended Petition remain in effect

Dated this 15th day of May, 2012.

                                                              JOHN A. ROSS
                                                              UNITED STATES DISTRICT JUDGE